UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE A. ZELAYA ORELLANA,

        Plaintiff,

v.                                      Case No. 8:17-cv-02705-VMC-MAP

GULFSIDE SUPPLY, INC. d/b/a
GULFEAGLE SUPPLY,

        Defendant.

_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Jorge A Zelaya Orellana ("Plaintiff") and Defendant Gulfside Supply Inc. d/b/a Gulfeagle Supply ("Defendant"). Plaintiff and Defendant are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1.    **Claims.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Tampa Division alleging unpaid wages under the Fair Labor Standards Act ("FLSA"). The Parties disagree as to whether or not Plaintiff has any viable claim, but after exchanging discovery and discussing the merits of the case, were able to reach a settlement. The Parties desire to fully and finally resolve this litigation. As part of this settlement, Plaintiff shall seek dismissal of his entire lawsuit with prejudice.

2.    **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3.    **Monetary Consideration.** Within ten (10) business days after Defendant receives this executed settlement agreement from Plaintiff and the Court approves this settlement and dismisses this action with prejudice, Defendant has agreed to pay Plaintiff:

    (a) One settlement check in the gross amount of $500.00, less applicable withholdings, in settlement of Plaintiff's claim for alleged back wages under the FLSA, for which a W-2 will be issued to Plaintiff;

    (b) One settlement check in the amount of $500.00, in settlement of Plaintiff's claim for alleged liquidated damages under the FLSA, for which a 1099 will be issued to Plaintiff;

    (c) One check made payable to Wenzel Fenton Cabassa, P.A., for attorneys' fees and



costs, in the amount of $1,500.00, for which a 1099 will be issued to Morgan & Morgan, P.A.

The Parties agree that the portions of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for compensation under the FLSA.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that he has now been paid for all hours worked and all alleged overtime hours worked during his employment with Defendant and agrees that Defendant does not owe him any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that he has been paid all wages (including overtime compensation) due to him from Defendant for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in his lawsuit and any claim Plaintiff may have had under the FLSA is now moot.

4. **Waiver and Release of FLSA Claims.** Plaintiff hereby releases, on his own behalf and on behalf of anyone who could claim by or through him, Defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, divisions, and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives (hereafter collectively referred to as "Defendant"), in their individual and official capacities, and its heirs and legal representatives, of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with Defendant.

5. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

6. **Tax Payment.** Plaintiff shall pay any and all taxes that may be due as a result of the settlement payments except for applicable withholdings associated with check "a" which is for back wages. Plaintiff agrees and affirms that he is not relying on any representation made by Defendant concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that he may be required to pay as a result of the payment(s). Plaintiff agrees that he will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

7. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation,

association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to both parties and the Court.

9. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that he has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions he may have had during review of the Agreement have been explained to his satisfaction and understanding. Plaintiff understands that he is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of his own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of his own choosing regarding this matter prior to the execution of the Agreement.

10. **Plaintiff is Not Prevailing Party.** Plaintiff shall not be considered a prevailing party for any purpose.

11. **Breach.** The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

12. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendant.

13. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

14. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendant hereby waive any pleas of

jurisdiction or venue as not being a resident of Hillsborough County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Hillsborough County, Florida.  The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment with Defendant.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_____

Jorge A Zelaya Orellana

Date: _____

Gulfside Supply Inc. d/b/a Gulfeagle Supply

By: _____     Date: _____     December 29, 2017

Its: _____     December 29, 2017

WSACTIVELLP:9537073.1